

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y.

★ DEC 27 2019 ★

LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Amendment

Complaint for a Civil Case

SERENA ANTOINETTE MAY

Case No. _____
*(to be filled in by the Clerk's Office)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: ☑ Yes ☐ No
*(check one)*

-against-

Rachel Gail Packer
christopher Paul Spina
Ralph Russo, Kenneth J. Flickinger

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Alan smikum,
Darrell Joesph
margolin and weinReB graf
city marshall
Edward F. Guida Jr

Lance margoline



RECEIVED
DEC 27 2019
PRO SE OFFICE

RECEIVED
DEC 27 2019
EDNY PRO SE OFFICE

RECEIVED
NOV 14 2019
EDNY PRO SE OFFICE

I.     **The Parties to This Complaint**

A.     **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach
additional pages if needed.

Name           SERENA ANToinette MAy
Street Address   167 38 109rd
City and County   JAMACA   MY 114
State and Zip Code   New york  11433
Telephone Number   917 371-6099
E-mail Address   tres money@ gmail.com

B.     **The Defendant(s)**

Provide the information below for each defendant named in the complaint,
whether the defendant is an individual, a government agency, an organization, or
a corporation.  For an individual defendant, include the person's job or title (if
known).  Attach additional pages if needed.

Defendant No. 1

Name           RAchel G Packer
Job or Title     UNKnown
(if known)
Street Address   270 DAvidson Ave
City and County   Sommerset n
State and Zip Code   New Jersey  68873
Telephone Number   267- 908-9860
E-mail Address    UNKnn
(if known)

Defendant No. 2

Name           Kenneth J. Flickinger
Job or Title     UNKNown
(if known)
Street Address   10 BANK street
City and County   White plains   ny

5. Lance Margline
165 Eileen Way
Syosset Ny 11791

6. Margolin Weinreb Group
16 S Eileen Way
Syosset Ny 1179

7 Darrell Doesph
45 Monroe Place
Brookly New York

8 Aprilanne Agostino
45 Monroe Pl
Brookly N.Y.

9) Alan Smikun
165 Eileen Way
Syosset N.Y. 11791

10) Edward F Guidia JR
#14 47-26-104 St
Corona Ny 11368

| | |
|---|---|
| State and Zip Code | New York 10606 |
| Telephone Number | 914-949-2909 |
| E-mail Address (if known) | Unknown |

**Defendant No. 3**

| | |
|---|---|
| Name | Ralph Russo |
| Job or Title (if known) | Unknown |
| Street Address | 7 Dempsey |
| City and County | Eastchester N |
| State and Zip Code | New York 10709 |
| Telephone Number | Unknowns |
| E-mail Address (if known) | |

**Defendant No. 4**

| | |
|---|---|
| Name | Christopher Paul Spina |
| Job or Title (if known) | Unknown |
| Street Address | 16 S Market street |
| City and County | Philadelpha |
| State and Zip Code | P.A. 19103 |
| Telephone Number | 267-908-9860 |
| E-mail Address (if known) | Unknown |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

Amendment
CONTINUE —#4          CASE 1-19-CV-06519-KAM

4(A)   18 USC 225 (2007
        18 USC 225 (A)(B)
Section 215, 656, 657, 1005, 1006, 1007, 1014,
1032, 1344 - US V McLEAN 131 F Appx 34, (4th cir 2005
Pasquantino V US 125.5.CT 1766, 2005 (NO 03-725)
FFP Foreclosure FRAUD FOR profit
IDenty theift, marshall HAS NO Jurisdiction over
Foreclosuere in Supreme court oNly sheirf
FRAUD, conspricy FRAUD in the Factum
FRAUD on the COURT BY Clerk of coueT
SERENA MAY UCC 1308
167 38 109rd
JAMAICA Ny 11433
917 371 6099

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 USC 1331, Section 7201, 7206
False Claims Act, U.S.C. 104, 18 USC 1348
U.S.C. 18 - 20, 18 USC. 1014, 18 USC 1348, 18 USC 1956
18 USC 1957, USC 3729, 31 USC 3730 USC. 3731 (b) 31 USC 3732

B.    **If the Basis for Jurisdiction Is Diversity of Citizenship** 31 USC 3733

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* SERENA A MAY, is a citizen of the State of *(name)* New York U.S

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

4

b.   If the defendant is a corporation

The defendant, *(name)* _____, is
incorporated under the laws of the State of *(name)*
_____, and has its principal place of
business in the State of *(name)* _____. *Or is*
incorporated under the laws of *(foreign nation)*
_____, and has its principal place of
business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

750,000 for Defendants Sold
my Home, after I won the Foreclosure Trial
Defendants Don't have Jurisdiction, or a note
or a Investor

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Fraud Enforcement and Recovery Act 2009
Defendant(s) placed my name address on a Foreclosure
court document, index 10623/2012 Queens County, After
Defendants lost case, they filed a Judgement and sold
my Home, after the memorandum Report After trial
was in favor of Serena May, Plam Defendants had me
arrested, kidnapped: the Title company has no license
or Registration. They took out mortgage with out my
permission

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I want my Home returned to my name my marketable title, I want 790,000 + 20% interest I would like for defendants to be Arrested. Restraing order so these Defendants can stop Harrising me. I want my Home Title retuned unused

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: NOV  14 , 2019          rec 1308

Signature of Plaintiff   _Xerena. May_

Printed Name of Plaintiff   _SERENA A. MAY_

6

# Certification

### STATE OF NEW YORK, COUNTY OF QUEENS, SS:

I, Audrey I. Pheffer, County Clerk and Clerk of Supreme Court Queens County,

do hereby certify that on December 26, 2019 I have compared

the document attached hereto,

10623/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL filed 9/29/2015
page(s) 1-10.

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

AUDREY I. PHEFFER
QUEENS COUNTY CLERK

F I L E D

SEP 29 2015

COUNTY CLERK
QUEENS COUNTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE HOLDERS OF THE FIRST
FRANKLIN MORTGAGE LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2005-FF10,

                                    Plaintiff,

                                                            Index No. 10623/2012

                    -against-                                MEMORANDUM REPORT
                                                            AFTER TRIAL

SERENA A. MAY a/k/a SERENA MAY,            BY:    TRACY CATAPANO-FOX
ENVIRONMENTAL CONTROL BOARD,                     COURT ATTORNEY
"JOHN DOE #1-10" AND "JANE DOE #1-10",           REFEREE
the names John Doe and Jane Doe being
fictitious, their identities being unknown to the
Plaintiffs, it being the intention of Plaintiff to      DATED: SEPTEMBER 11, 2015
designate any and all unknown persons, including,
but not limited to the tenants, occupants, corporations,
and judgment creditors, if any, holding or claiming
some rights, title, interest or lien in or to the
mortgaged premises herein,

                                    Defendants.
------------------------------------------------------------------X


        By order of the Honorable Martin Schulman, this matter was referred to me to hear and report

all issues.  I hereby make the following findings of essential fact which I deem established by the

evidence and reach the following conclusions of law, for the review and determination of assigned

Justice Oren Kitzes.

        Plaintiff commenced this action on May 18, 2012, for a judgment of foreclosure and sale due

to defendant's default on a residential home mortgage and note for the property located at 167-38

1

10623/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL (MRAR) (RJI) Page 2 of 10

109th Road, Jamaica, NY.  The trial was held on April 13, 2015  and May 18, 2015, after which I render the following report.

Findings of Fact

Plaintiff presented one witness, Gabriel Ruzzi, during trial.  Mr. Ruzzi testified that he has been a bankruptcy and foreclosure specialist for Select Portfolio Servicing (hereinafter referred to as "SPS") for three and one-half years.  Mr. Ruzzi stated that SPS is plaintiff's servicing company and attorney-in-fact, and presented a power of attorney dated October 17, 2008, admitted into evidence, from plaintiff to SPS.  The power of attorney authorizes SPS to service the loan and represent the trust, and was recorded on July 28, 2010.  Mr. Ruzzi presented the original note between defendant and First Franklin, A Division of Nat. City Bank of In., dated August 17, 2005, in the amount of $304,000, on the residential property located at 167-38 109th Road, Jamaica, NY 11433.  The terms of the note set forth a 7% adjustable interest rate for a 30-year term, with a 3 year interest only period.  Mr. Ruzzi also presented the mortgage on the above mentioned property, recorded with the NYC Department of Finance, Office of the City Register on September 15, 2005. The mortgage was between defendant and First Franklin, signed by defendant on August 17, 2005, and notarized before recording.[1]  Mr. Ruzzi testified that defendant's loan is in default, and that there have been no payments made by defendant to plaintiff.  Mr. Ruzzi presented a screen shot of SPS's file that demonstrates the loan is in default.  Mr. Ruzzi then presented the notice of default dated July 26, 2011, and the 90-day notice dated May 26, 2011, both of which were sent to defendant by SPS,

---

[1]It is noted that during the trial, plaintiff presented a copy of the mortgage for admission as plaintiff's exhibit #3 for identification only.  However, plaintiff subsequently presented the original mortgage documents which were admitted into evidence as plaintiff's exhibit #7.

2

and testified as to the mailing practices of SPS that resulted in these notices being mailed to defendant.

Defendant presented her own testimony as evidence during trial.[2] Defendant testified that she had a mortgage with Bank of America on the above-mentioned property in the amount of $304,000. She presented a letter from Bank of America, dated August 2, 2011, stating that effective October 1, 2008, the loan with account number 23511736, on the above-mentioned property, was paid in full. However, defendant presented no evidence that she possessed a loan on the above property with Bank of America, other than the letter. Defendant stated that she began receiving calls from SPS seeking payment of the mortgage, but she had no knowledge nor received any documents from SPS indicating that they were servicing her home loan. Defendant contacted Bank of America, who suggested she seek a validation of debt from SPS to support its claim. Defendant repeatedly requested the validation of debt, but did not receive it from SPS. Instead, SPS sent her a letter stating that it was looking into her request and would respond to her issues. However, defendant received no response and no confirmation that SPS was authorized to collect on a mortgage. Defendant also presented a wire transfer from the law firm of Lowenthal and Kaufman to Bank of America in the amount of $305,000, which referenced defendant's name and the date of transfer of

---

[2]Defendant sought an adjournment in order to obtain subpoenas for witnesses to testify from plaintiff's prior law firm and from the U.S. Securities and Exchange Commission. No other witnesses were called, but defendant obtained a judicial subpoena calling for plaintiff's trial counsel Kenneth Flickinger to testify. At one point, defendant sought the testimony of attorney Lowenthal, who defendant alleged improperly transferred funds by wire, but Mr. Lowenthal did not appear in court. Plaintiff's counsel moved to quash the subpoena for his testimony, arguing that he is not a fact witness and was not given an opportunity to argue against the issuance of the subpoena. Defendant failed to present sufficient grounds to warrant Mr. Flickinger to be called as a witness, and at some point in the trial, there appears to be confusion with regard to the discussion of Mr. Lowenthal or Mr. Flickinger. However, the referee clearly intended to state that Mr. Flickinger would not have to testify and granted plaintiff's motion to quash.

3

10623/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL filed 9/29/2015

funds as August 22, 2005. Defendant stated that she is not familiar with Mr. Lowenthal and did not authorize a wire transfer. Defendant also testified that plaintiff's subsequent law firm mailed documents to her by US Postal Services, but that the package was stolen and removed by Federal Express. She further stated that she contacted a title company, who performed a search on her property but did not find any liens or loans on the above property. Finally, defendant presented for admission into evidence a pooling and servicing agreement dated October 1, 2005, from the U.S. Securities and Exchange Commission, titled First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10. Defendant alleges that her loan was bought and incorporated into this pooling and servicing agreement, as indicated in the caption of this case under plaintiff's name. Defendant testified that she is unfamiliar with SPS or US Bank, and never had a loan with either of them. She maintained that her sole mortgage on the property was with Bank of America, and that said loan was paid off according to Bank of America. She stated that she made numerous attempts to obtain a validation of debt from plaintiff and SPS, but to no avail.

While they were not admitted into evidence, the referee takes notice that the pleadings were filed with the County Clerk's Office, and there were three substantive court orders in this matter. By court order dated May 17, 2013, the case was released from the foreclosure settlement conference part, because defendant indicated her intent to litigate this matter. By court order of the Honorable Oren Kitzes, dated May 14, 2014, defendant's motion to dismiss for lack of standing was denied, and Judge Kitzes determined that plaintiff proved it was the holder of the note endorsed in blank. Finally, by court order of Judge Kitzes dated February 25, 2015, defendant's motion for sanctions and contempt was denied and discovery was closed.

Upon the conclusion of evidence, defendant moved to dismiss plaintiff's Complaint for lack

of standing and fraud upon the court, as well as conspiracy, tampering with the transcript, fraud in the factum, mail fraud and wire fraud. Defendant objected to the trial being heard by a referee rather than a Supreme Court justice. Defendant alleges fraud on the court because she argues that MERS cannot file foreclosure cases in New York, and that there is no proof the note in question was transferred to SPS or assigned by Fannie Mae. Defendant also argues that the July 28, 2010, power of attorney from US Bank to SPS is illegal because the originator is no longer in business. Further, defendant argues that plaintiff's witness Mr. Ruzzi's testimony should be stricken, because he had no license as a bankruptcy or foreclosure specialist and that he did not work for SPS when the note was originated. Defendant argues that her home loan was held by Bank of America, who notified her by letter dated August 2, 2011, that the loan was paid in full. Defendant does not claim that she paid the loan in full, but that Bank of America declared the loan satisfied, and therefore any claim by plaintiff is fake and fraudulent. Defendant argues that all of the mortgage recordings in the NYC Department of Finance Register's Office are fake and fraudulent. She repeatedly asked plaintiff for a validation of debt, which plaintiff refused to provide. Plaintiff's wire funding sheet which transferred $305,000 is improper, as it was made without defendant's consent. Further, defendant argues that the pooling and servicing agreement does not allow plaintiff as trustee to foreclose on the note. She states that the pooling and servicing agreement converted the loan from UCC 9 to UCC 3, then former Secretary of the Treasury Hank Paulson converted it to UCC 9, and based upon Article 2 and 8 of the pooling and servicing agreement, the investors gave up all rights to foreclose on the included mortgages in order to collect dividends on the investment. Finally, defendant argues that she should have been permitted to call Steven Lowenthal, who improperly transferred funds by wire in her name. She also argues that she should have been able to question plaintiff's trial counsel

Kenneth Flickinger, as she obtained a subpoena from the Honorable Jeremy S. Weinstein seeking his appearance. Based upon the above, defendant argues this matter should be dismissed.

Plaintiff opposed defendant's motion and seeks a judgment in its favor, striking defendant's Answer and for a referee to be appointed to compute. Plaintiff argued that the issue of standing was previously determined in plaintiff's favor by court order of the Honorable Oren Kitzes, dated May 14, 2014, and therefore defendant cannot reargue plaintiff's standing to proceed. Defendant never presented proof of her requests for validation of the debt, only a letter from plaintiff purportedly responding to issues presented by defendant at some unknown date. Plaintiff also argues it that met its burden of proving defendant defaulted on her mortgage, and that plaintiff provided all applicable notices to defendant before seeking a judgment of foreclosure. Plaintiff finally argues that defendant failed to prove the loan was satisfied, as the letter from Bank of America does not reference the specific loan, agreement, or amount in dispute. Plaintiff also is not required to validate the debt, and defendant's documentary evidence does not prove the note and mortgage were canceled upon securitization. Finally, plaintiff seeks a contempt hearing to address the unprofessional communications made by defendant to plaintiff prior to the first day of trial by telephone. Therefore, plaintiff argues that defendant's motion to dismiss should be denied and plaintiff is entitled to a judgment in its favor.

## Conclusions of Law

For plaintiff to present a <u>prima facie</u> proof of entitlement to judgment as a matter of law, it must present the mortgage and unpaid note, and evidence of defendant's default. (*See Loancare v. Firshing*, 2015 NY Slip Op. 06118 [2nd Dept. 7/15/2015].) A plaintiff may demonstrate that it is the

6

holder or assignee of the note by showing either a written assignment of the note or the physical delivery of the note. (*HSBC Bank USA, N.A. v. Roumiantseva*, 2015 NY Slip Op. 06315 [2nd Dept. 7/29/2015].)  Physical delivery of the note to the plaintiff by its owner prior to the commencement of the action may, in some circumstances, be sufficient to transfer the mortgage obligation and create standing to foreclose. (*Aurora Loan Servs, LLC v. Taylor*, 25 NY3d 355 [2015].) However, transfer of the mortgage without the debt is a nullity, and no interest is acquired by it because the mortgage is merely security for the debt or obligation and cannot exist independently of the debt or obligation. (*See id.*; *Bank of N.Y. v. Silverberg*, 86 AD3d 274 [2nd Dept. 2011].)

The facts of this case are very similar to that in *Aurora v. Taylor, supra*. In that case, Deutsche Bank was the trustee of a pooling and servicing agreement, of which the defendant Taylors' loan was included.  Deutsche Bank gave Aurora a limited power of attorney to execute documents related to loan modification and foreclosure.   As trustee, Deutsche Bank became the owner of the note through an allonge indorsing the note to Deutsche Bank, in accordance with the pooling and servicing agreement.  The allonge showed the chain of ownership from the originating mortgagee through indorsements ultimately leading to Deutsche Bank. However, defendants argued that plaintiff did not have proper standing to commence the foreclosure action.

The Court of Appeals in *Taylor* found that Aurora had standing to foreclose because it presented the pooling and servicing agreement authorizing Deutsche Bank as the lawful owner of the note, and the limited power of attorney from Deutsche Bank as trustee authorizing Aurora to foreclose on the trust's behalf.  Further, Aurora presented an affidavit from someone with personal knowledge stating the date in which it took possession of the note, and affirmed it was prior to the commencement of the action.  For those reasons, the Court affirmed the determination that plaintiff

10623/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL filed 4/29/2016

had standing to foreclose.

These facts differ sharply from those presented in the current matter.  At trial, plaintiff submitted a power of attorney authorizing SPS to act as attorney-in-fact for US Bank.  However, plaintiff never presented testimony or documentary evidence to support its claim that it was in possession of the note prior to the commencement of the action. (*See Flagstar Bank, FSB v. Anderson*, 129 AD3d 665 [2nd Dept. 6/3/2015].) While Mr. Ruzzi testified that SPS was in possession of the original note signed by defendant, he failed to provide any testimony as to when or how said note came into SPS' possession.  He also failed to delineate the chain of title of the note from First Franklin to US Bank, and ultimately SPS.  Further, while the power of attorney references the authority provided to SPS in accordance with the pooling and servicing agreement, Mr. Ruzzi testified he had no knowledge of this agreement and could not explain its relevance to this action.

Now, plaintiff may argue that the issue of standing had been resolved by a prior court order issued by Judge Kitzes, and therefore it did not have to establish its legal authority to foreclose. However, Judge Kitzes merely determined that plaintiff possessed the note at the commencement of the action, based upon the paperwork submitted in opposition to defendant's motion to dismiss. Plaintiff did not make a summary judgment motion nor did it seek an order of reference, asking for a determination by the court that it had prima facie proof of entitlement to judgment.  Judge Kitzes' decision did not determine as a matter of law whether plaintiff satisfied its burden of proof for judgment.  In this matter, while plaintiff was able to admit into evidence the original note and mortgage, it did not provide any testimony or evidence to explain how the loan transferred from the original mortgagee to US Bank.  It also failed to present testimony to demonstrate that defendant's loan was subject to the pooling and servicing agreement, which Mr. Ruzzi had no knowledge of, yet

8

is clearly indicated in the caption as the plaintiff in this matter for whom he testified.

It is also noted that attached to plaintiff's Summons and Complaint were exhibits that included assignments of the mortgage from First Franklin to First Franklin Financial Corporation, and then from First Franklin Financial Corporation to US Bank National Association, as trustee. Defendant repeatedly and vociferously denied obtaining a loan through plaintiff, and insisted her loan was with Bank of America. While she failed to present any evidence that her mortgage was held by Bank of America, the letter provided from Bank of America raised a sufficient defense that warranted plaintiff's presenting evidence that it was the proper holder of the note and mortgage. However, there were no assignments admitted during trial or incorporated into the pleadings that assigned the note from First Franklin to either First Franklin Financial Corporation or US Bank National Association. Without competent, admissible proof that the note was assigned, mere possession of the original note is insufficient to meet plaintiff's prima facie burden of proof at trial.

Further, while the notice of pendency states that the original mortgage was assigned by First Franklin to First Franklin Financial Corporation on December 2, 2005, and recorded on June 6, 2006, the assignment of mortgage was not presented during the trial or admitted into evidence. Further, the notice of pendency states that the mortgage was further assigned from First Franklin Financial Corporation to US Bank National Association, as trustees for the holder of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10, on November 14, 2011, and recorded on January 26, 2012. However, these assignments of mortgage were not presented during the trial or admitted into evidence. Even assuming they were properly admitted as part of the notice of pendency and Complaint, it is the note, and not the mortgage, that is the dispositive instrument that conveys standing to foreclosure under New York law. (*See Taylor*, 25

9

NY3d at 361-362; *Deutsche Bank Nat'l Trust Co. v. Monica*, 2015 NY Slip Op. 06453 [3rd Dept. 8/6/2015].) Mr. Ruzzi never testified about the chain of assignments that occurred in this matter, but instead presented the original note and mortgage without explanation. Controlling case law clearly states that it is insufficient to merely present the original note and mortgage if plaintiff is not the originator of said note and mortgage. Rather, plaintiff must present competent, admissible evidence of the chain of title that led to plaintiff's receipt of the original note and mortgage. It is not enough to merely hold the note and mortgage, without proof of the succession of actions that resulted in plaintiff's status as holder.

Without submission of the assignments into evidence and testimony from someone with personal knowledge of the matter to explain the chain of title of note and mortgage in this matter, this Court determines that plaintiff did not sustain its burden to demonstrate that it properly holds the note and mortgage under the applicable law. Therefore, based upon plaintiff's failure to meet its burden of proof at trial, plaintiff's action is dismissed.

This constitutes the report of the referee, for review and determination by assigned Justice Kitzes.

FILED

SEP 29 2015

COUNTY CLERK
QUEENS COUNTY

Dated: September 11, 2015

Tracy Catapano-Fox, Esq.
Court Attorney-Referee

10

*WAS GRANTED*
*UNLIMITED STAY*

**FEE EXEMPT**

*KL#1*

**Supreme Court of the State of New York**
**Appellate Division: Second Judicial Department**

19 JUL 22
RECEIVED
SECOND DEPT

U.S. BANK National Association, AS
TRUSTEE for the Holder of the First
Franklin mortgage LOAN TRUST
Pass-through Certified Series, RCOS
FF10
*Plaintiff-Respondent*
v.
**ORDER TO SHOW CAUSE**

Appellate Division Docket No.
**2019-0713**

SERENA MAY, etc. *Defendant-Appellant*

Upon the annexed affidavit of **SERENA MAY**, dated **7/1/2019**
____, 20__, and the papers annexed thereto,

LET **the Plaintiff-Respondent** _____ SHOW CAUSE BEFORE THIS
COURT, at the courthouse thereof, located at 45 Monroe Place, Brooklyn, New York, 11201, on
the **24th** day of **JULY**, 20 **19** at 10:00 o'clock in the forenoon of that date or as
soon thereafter as counsel may be heard, why an order should not be made and entered:

*(5m)*

1. WAIVER of fling Fees

2. Permission to perfect the Appeal on the Original papers
   A STAY Until Appeal is HEARD

3. Granting such other and further relief as to the court may seem just and equitable.
   Asking this court for a stay, from a EVICTION, until Appeal is over
   SUFFICIENT CAUSE THEREFOR APPEARING, it is

ORDERED that pending the hearing and determination of this motion
~~FOR immediate Remedy A stay on a Landlord
Tenant eviction unplaintiff was wrong name
but correct Address~~ asking this court to are stayed, and it is further,

ORDERED that service of a copy of this order to show cause and the papers upon which it
was made upon _Counsel for the Plaintiff_ _____ by

personal delivery pursuant to CPLR 2103(b)(1)   PHone called LAWYER
office delivery pursuant to CPLR 2103(b)(3)      and informed Him/mail
overnight delivery service pursuant to CPLR 2103(b)(6)

on or before **July 22**, 20**19**, shall be deemed sufficient service thereof.

Dated: Brooklyn, New York
**July 22**, 20**19**

*Hector D. LaSalle*
Hon. Hector D. LaSalle
Associate Justice
Appellate Division 2nd Dept.

**NOTE:** On the return date all motions and
proceedings are deemed submitted. Oral argument
is not permitted (22 NYCRR 670.5[b]).



NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.

2005090500127001001E83299

RECORDING AND ENDORSEMENT COVER PAGE     PAGE 1 OF 19

Document ID: 2005090500127001     Document Date: 08-17-2005     Preparation Date: 09-05-2005
Document Type: MORTGAGE
Document Page Count: 18

PRESENTED BY:                          RETURN TO:
SKY ABSTRACT CORP.                     SKY ABSTRACT CORP.
P.O. BOX 536                           P.O. BOX 536
TALLMAN, NY 10982-0536                 TALLMAN, NY 10982-0536
845-371-4200                           845-371-4200

PROPERTY DATA
Borough    Block  Lot          Unit   Address
QUEENS     10187  14   Entire Lot     167-38 109 ROAD
Property Type: DWELLING ONLY - 1 FAMILY

CROSS REFERENCE DATA
CRFN _____ or Document ID _____ or _____ Year _____ Reel _____ Page _____ or File Number _____

PARTIES
MORTGAGER/BORROWER:          MORTGAGEE/LENDER:
SERENA MAY                   FIRST FRANKLIN
167-38 109 ROAD             2150 NORTH FIRST STREET
JAMAICA, NY 11433           SAN JOSE, CA 95131

FEES AND TAXES
Mortgage                              Recording Fee: $        127.00
Mortgage Amount: $      304,000.00    Affidavit Fee: $          0.00
Taxable Mortgage Amount: $ 304,000.00
Exemption                             NYC Real Property Transfer Tax Filing Fee:
TAXES:  County (Basic): $    1,520.00                         0.00
        City (Additional): $ 3,040.00    NYS Real Estate Transfer Tax:
        Spec (Additional): $     0.00                 $        0.00
        TASF: $                760.00    RECORDED OR FILED IN THE OFFICE
        MTA: $                 152.00    OF THE CITY REGISTER OF THE
        NYCTA: $                0.00     CITY OF NEW YORK
        Additional MRT: $       0.00     Recorded/Filed        09-15-2005 15:40
        TOTAL: $             5,202.00    City Register File No.(CRFN):
                                         2005000516284

                                         City Register Official Signature

Handwritten annotations: "prison 30 years owner LEE FARKAS" and "4000453928"

Case 1:19-cv-06518-KAM-LB Document 4 Filed 12/27/19 Page 21 of 45 PageID #: 52

EXHIBIT 4



09/23/2012 SUMMONS & VERIFIED COMPLAINT

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2006051001520001001BCC6D

**RECORDING AND ENDORSEMENT COVER PAGE** PAGE 1 OF 3

| | |
|---|---|
| Document ID: 2006051001520001 | Document Date: 12-02-2005 | Preparation Date: 05-10-2006 |

Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 2

**PRESENTER:**
SECURITY CONNECTIONS, INC
1935 INTERNATIONAL WAY
IDAHO FALLS, ID 83402
208-528-9895

**RETURN TO:**
SECURITY CONNECTIONS, INC
1935 INTERNATIONAL WAY
IDAHO FALLS, ID 83402
208-528-9895

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 10187 | 14 | Entire Lot | 167-38 109 ROAD |

Property Type: DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

Document ID: 2005090500127001

**PARTIES**

**ASSIGNOR/OLD LENDER:**
FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK
OF INDIANA, 2150 NORTH FIRST STREET SUITE 100
SAN JOSE, CA 95131

**ASSIGNEE/NEW LENDER:**
FIRST FRANKLIN FINANCIAL CORPORATION
2150 NORTH FIRST STREET SUITE 100
SAN JOSE, CA 95131

**FEES AND TAXES**

| Mortgage | | | Recording Fee: $ | 47.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Affidavit Fee: $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK
Recorded/Filed 06-06-2006 17:31
City Register File No.(CRFN):
2006000315529

_Quentin M. Hill_
City Register Official Signature

Printed: 9/3/2014

# NEW YORK

## ASSIGNMENT OF MORTGAGE

COUNTY OF QUEENS
LOAN NO.  4000453928
POOL NO.
TOWN OF

KNOW THAT FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK OF INDIANA ,

located at 2150 NORTH FIRST STREET, SUITE 100, SAN JOSE, CA 95131
(ASSIGNOR), in consideration of TEN DOLLARS ($10.00) paid by FIRST FRANKLIN
FINANCIAL CORPORATION

hereby   assigns unto the (ASSIGNEE) FIRST FRANKLIN FINANCIAL CORPORATION

located at 2150 NORTH FIRST STREET, SUITE 100, SAN JOSE, CA 95131
A certain Mortgage dated the 17th day of AUGUST 2005   made by SERENA MAY

to FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK OF INDIANA
in the principal sum of 304,000.00
and recorded on the 15th   day of SEPTEMBER 2005
in Liber/Reel number                                        Serial no.                of Mortgage Page
Document Number  2005095500127080               QUEENS                  County New York more
in the office of
particularly described hereinafter as follows:
      AS DESCRIBED ON SAID MORTGAGE REFERRED TO HEREIN.
Section                      Block 10197        . Lot  14`
PROPERTY ADDRESS: 167-35 109 ROAD JAMAICA, NY 11433

Loan No.

As previously recorded from _____                                          Doc#
to _____                                                                    of Deed Page
on _____              in Liber/Reel _____
And from _____                                                             Doc#
to _____                        in Liber/Reel _____                   of Deed Page
on _____
and from _____
to _____                        in Liber/Reel _____                   of Deed Page
on _____

J-FF80101D5AI.S.129360                           Page 1 of 2
(NMRI.NY.PH)

08/23/2012 SUMMONS & VERIFIED COMPLAINT

Page 45 of 80

Loan No.4000453928

TOGETHER with the bond or note or obligation described in said mortgage and the monies due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires. This assignment is not subject to the requirements of sect-ion 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, the assignor has duly executed this assignment this 2nd day of DECEMBER 2006 but effective the _____ day of _____.


FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK OF INDIANA

BY _____          BY _____
ANGIE SCOTT                   M. L. MARCUM
SECRETARY                     VICE PRESIDENT

STATE OF IDAHO        } ss
COUNTY OF BONNEVILLE  }

On the 2d day of DECEMBER 2006 before me, the undersi-gned personally appeared M. L. MARCUM and ANGIE SCOTT personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies); that by his/her/their signature(s) on the instrument, the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of BONNEVILLE State of IDAHO.


CARLA TENEYCK (COMMISSION EXP. 05-02-09)
NOTARY PUBLIC

BONNEVILLE

```
CARLA TENEYCK
NOTARY PUBLIC
STATE OF IDAHO
```

PREPARED BY SECURITY CONNECTIONS, INC.
WHEN RECORDED MAIL TO:
SECURITY CONNECTIONS
1935 INTERNATIONAL WAY
IDAHO FALLS, ID 83402
ATTN ASSIGNMENT TRACKING

(NMRI.NY)

C=S.361.0146
P=S.002.04170.41

J=FF8010105A1.B.129360

Page 2 of 2

Printed 8/3/2014

ROBO

Case 1:19-cv-06519-KAM-LB   Document 4   Filed 12/27/19   Page 25 of 45 PageID #: 56

05/23/2012 SUMMONS & VERIFIED COMPLAINT

**Schedule F - Assignment**



06/23/2012 SUMMONS & VERIFIED COMPLAINT

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for the purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2011120600937001002HD189

**RECORDING AND ENDORSEMENT COVER PAGE**                    PAGE 1 OF 4

| | |
|---|---|
| Document ID: 2011120600937001 | Document Date: 11-14-2011   Preparation Date: 01-17-2012 |
| Document Type: ASSIGNMENT, MORTGAGE | |
| Document Page Count: 2 | |

| PRESENTER: | RETURN TO: |
|---|---|
| DOONAN, GRAVES & LONGORIA, LLC | DOONAN, GRAVES & LONGORIA, LLC |
| 100 CUMMINGS CENTER, SUITE 225D | 100 CUMMINGS CENTER, SUITE 225D |
| ATTN: RACHAEL BERNARDINI | ATTN: RACHAEL BERNARDINI |
| BEVERLY, MA 01915 | BEVERLY, MA 01915 |
| 978-921-2670 | 978-921-2670 |
| rb@dgandl.com | rb@dgandl.com |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 10187 | 14 | Entire Lot | 167-38 109TH ROAD |

Property Type: DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

CRFN: 2006000315529
x Additional Cross References on Continuation Page

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| FIRST FRANKLIN FINANCIAL CORPORATION | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE |
| 1800 TAPO CANYON ROAD, MC:CA6-914-01-59 | 3815 SOUTH WEST TEMPLE |
| SIMI VALLEY, CA 93063 | SALT LAKE CITY, UT 84115 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 47.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed          01-26-2012 15:05
City Register File No.(CRFN):
                        2012000036443

*Annette M. Hill*
*City Register Official Signature*

Rev(ex) 8/3/2011



Case 1-19-40378-nhl   Doc 23-5   Filed 04/09/19   Entered 04/09/19 14:49:58

NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER

RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)

Document ID: 2011120600297001
Document Type: ASSIGNMENT, MORTGAGE
Document Date: 11-14-2011
Preparation Date: 11-25-2011

CROSS REFERENCE DATA
CRFN: 2008000466288

2011120600297001002CED309
PAGE 2 OF 2

Case 1:19-cv-06519-KAM-LB Document 1 Filed 11/27/19 Page 28 of 45 PageID #: 59
Case 1:19-40378-nhl Doc 23 Filed 04/09/19 Entered 04/09/19 14:29:58

Page 50 of 60

00/23/2012 SUMMONS & VERIFIED COMPLAINT

Recording Requested By:
RICHMOND MONROE GROUP

When Recorded Return To:

RICHMOND MONROE GROUP
PO BOX 458
KIMBERLING CITY, MO 65686

ASSIGNMENT OF MORTGAGE

Queens, New York    REFERENCE #
DIVESTOS 61 P63
Assignment Prepared on November 14th, 2011.

Assignor: FIRST FRANKLIN FINANCIAL CORPORATION #1 1800 TAPO CANYON RD, MC: CA6-914-01-59, SIMI VALLEY, CA 93065.
Assignee: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10 % C/O SELECT PORTFOLIO SERVICING, INC. 3815 SOUTH WEST TEMPLE, SALT LAKE CITY, UT 84115.

Executed by GLORIA MAY, The FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN
Date of Mortgage: 08/17/2005 Recorded: 09/15/2005 with CRFN:   2005000518364 in Queens County,
State of New York.

- Assigned Wholly by FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN TO FIRST FRANKLIN FINANCIAL
CORPORATION Dated: 12/03/2008 Recorded:  00/00/0000  with CRFN :  2005000510832

District/Section/Block/Lot QUEENS-10197-14

Property Address: 157-35 109 ROAD, JAMAICA, NY 11433

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment which the secondary assignee is named.

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN &.0 NO/100 DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage together with the note or notes therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage. IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written.

FIRST FRANKLIN FINANCIAL CORPORATION
On 11/23/11

By: _____
IDWA XX  Robinson Vice President

STATE OF California
COUNTY OF Ventura

On 11/23/2011 before me Jeanette R. Ohler , a Notary Public personally appeared
_____ who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true
and correct.

WITNESS my hand and official seal.

Signature _____   County of Ventura
Signature _____                                          (This area for notarial seal)

By L KOCH

Printed: 9/3/2014

ROBO

Title No. SKY-4972

## SCHEDULE A

### THE LAND REFERRED TO IN THIS POLICY IS DESCRIBED AS FOLLOWS:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Fourth Ward of the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Oxford Avenue (now called 109th Road) distant 140.50 feet westerly form the corner formed by the intersection of the southerly side of Oxford Avenue with the westerly side of Pleasant Avenue (now called 169th Place) as said Oxford Avenue and Pleasant Avenue (now called 169th Place) as said Oxford Avenue and Pleasant Avenue are laid down and shown upon certain map entitled "Map of Property in the Village of Jamaica, queens County, belonging to Jesus Schoenwald, surveyed January 1898 and filed in the Queens County Clerk's Office October 9, 1901;

RUNNING THENCE southerly, parallel with Pleasant Avenue, 100 feet;

THENCE westerly parallel with Oxford Avenue, 24 feet;

THENCE northerly again parallel with Pleasant Avenue, 100 feet to the southerly side of Oxford Avenue; and

THENCE easterly along the southerly side of Oxford Avenue, 24 feet to the point or place of BEGINNING.

**Schedule G - Demand**

0623/2012 SUMMONS & VERIFIED COMPLAINT

**SPS** | SELECT
Portfolio
SERVICING, Inc.

May 26, 2011



SERENA MAY
167-38 109-RD
JAMAICA NY 11433

RE:   Loan Number:
      167-38 109 RD
      JAMAICA NY 11433

secured by r...

Dear Customer:

YOU COULD LOSE YOUR HOME. PLE...
NOTICE CAREF...

As of May 26, 2011, your home is 326 days in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home.  You can cure this default by making the payment of $25,487.23 dollars by 8/24/2011.

If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home.  Attached to this notice is a list of government approved housing counseling agencies in your area which provide free or very low-cost counseling.  You should consider contacting one of these agencies immediately.  These agencies specialize in helping homeowners who are facing financial difficulty.  Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance.  If you wish, you may also contact us directly at (800) 635-9698 and ask to discuss possible options.

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

LR072

Page 1 of 2

Printed: 8/3/2014

Case 1:19-cv-06518-KAM-LB   Document 4   Filed 12/27/19   Page 32 of 45 PageID #: 63

Case 1-19-40378-nhl   Doc 23-17   Filed 04/09/19   Entered 04/09/19 14:49:58

**IN WITNESS WHEREOF,** the Grantor has hereunto set his hand and seal, the date first above written.

_____
Dominic Villoni, Esq., Referee

STATE OF NEW YORK       )
                             ) ss.:

COUNTY OF NASSAU       )

On the __24__ day of __(MAY__, 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared Dominic Villoni, Esq., Referee, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

REFEREE'S DEED IN FORECLOSURE

Dominic Villoni, Esq., Referee

     To

WAYNE ULRICH
Notary Public, State of New York
No. 9411880
Qualified in Nassau County
Commission Expires Sept. 30, 2018

SEAL

U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10

STATE OF NEW YORK
COUNTY OF QUEENS

B:    10187
L:    14

Record & Return
WebTitle Agency
755 Jefferson Road, Suite 300
Rochester, NY 14623

2

# REFEREE'S DEED IN FORECLOSURE

This deed, made the **24** day of **May**, 2018

**BETWEEN** Dominic Villoni, Esq., having an address at 80 Brook Street, Garden City, NY 11530, the Referee appointed in the action hereinafter mentioned, as Grantor, and

U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10, having an address at C/O Select Portfolio Servicing, Inc., 3217 S. Decker Lake Drive, Salt Lake City, Utah 84119, as Grantee:

**Witnesseth**, that the Grantor, the Referee appointed in an action between: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10, as Plaintiff, versus, SERENA A. MAY A/K/A SERENA MAY, et al., as Defendants, which was commenced in the Supreme Court of the State of New York, County of Queens (Index No.: 10623/2012), to foreclose a mortgage dated August 17, 2005 and recorded September 15, 2005 in the Office of the Clerk for the County of Queens, CRFN 2005000516284, the mortgage was assigned by First Franklin a Division of Nat. City Bank of IN to First Franklin Financial Corporation on December 2, 2005 and recorded June 6, 2006 in the Office of the Clerk for the County of Queens, CRFN 2006000315529, the mortgage was further assigned by First Franklin Financial Corporation to U.S. Bank Nation Association, as trustee for the holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10, on November 14, 2011 and recorded January 26, 2012 in the Office of the Clerk for the County of Queens, CRFN 2012000036443, and pursuant to a Judgment of Foreclosure and Sale of the Hon. Pam Jackman Brown, J.S.C. dated December 15, 2017, of the Supreme Court of the State of New York, County of Queens, which was entered on January 2, 2018, and in consideration of $378,090.00 paid by the Grantee, being the highest sum bid at the sale under said Judgment, does hereby grant and convey unto the Grantee, all the right, title and interest of the defendants in and to all of the property described ON SCHEDULE A ANNEXED HERETO AND MADE A PART HEREOF

Together with the appurtenances and all the estate and rights of the party of the first part in and to said premises, except no conveyance is made of the right, title and interest which party of the first part has in and to the land lying in the bed of any street or avenue, opened or proposed, in front of or adjoining said premises.

Said premises being known as and by the street address 167-38 109 Road, Jamaica, NY 11433 (Block: 10187, Lot: 14).

To have and to hold the premises granted unto the Grantee and assigns forever.

Whenever the text hereof requires, the singular number as used herein shall include the plural and all genders.

*COURT*
*Received*

[Print in black ink all areas in bold letters]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK Queens
————————————————————————x

Index Number

10623/2012

[fill in name(s)]                    Plaintiff(s)/Petitioner(s).
U.S. BANK TRUSTEE FOR 2005 FFIC

- against -

AFFIDAVIT
IN OPPOSITION

SERENA MAY " Secured Party Creditor "

of plaintiff(s)
motion for

[fill in name(s)]          Defendant(s)/Respondent(s).
————————————————————————x

Judgement of
Foreclosure and sale

STATE OF NEW YORK
COUNTY OF Queens ss:

SERENA MAY   (S.C.P.)

_____ [your name], being duly sworn, deposes and
says:

1. I am the / a plaintiff / petitioner (defendant) / respondent [circle one] in this matter. I make
this affidavit in opposition to the motion or petition by [name of party] Kenneth Flickinger
for an order [describe what the other party asked for] _____
~~filed~~ ECKERT SEAMANS trustee for First
Franklin mortgage (loan) Trust FFIC 2005
They Asks for Deficiency Judgement, Judgement,
sale. My Home

2. I believe the Court should deny the motion or petition because [Explain why it should be
denied. If you wish to present Exhibits (documents), identify and explain each. Add more pages if
needed.]

The Trustee Requested a Trial, Requested "by motion
a summary Judgement, sale. When Trustee Lost the
case due to the Plaintiff "Lack" of evidence, plaintiff
witness testified "He Had the original Note And a copy
of the Mortgage Note." UCC 3-104 endorsment, None was
submited. UCC 3-202(2), UCC 3-203[3], [4] 1d 2, 212
mortgage and Note. is to be Attached ~~together~~ in order
to Effectuate a valid Assignment of the
Entire Instrument.          AnswerMotion - 1/2014

continue



## NEW YORK SUPREME COURT - COUNTY OF QUEENS

### IAS PART 19

### MEMORANDUM

**Present: Hon. Pam Jackman Brown, JSC**

-----------------------------------------------X   **Index No. 10623/2012**

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE HOLDERS OF THE FIRST
FRANKLIN MORTGAGE LOAN TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-FF10,

> FILED
> JUN 08 2017
> COUNTY CLERK
> QUEENS COUNTY

**Motion Date: 4/3/17**

Plaintiff,

**Cal. No. 166**

-against-

**Mot. Seq. No.: 5**

SERENA A. MAY A/K/A SERENA MAY,
ENVIRONMENTAL CONTROL BOARD,
                                    Defendants.

------------------------------------------------X

Recitation, as required by CPLR § 2219(a), of the following papers numbered 1 to 4 read on this motion by Plaintiff seeking an Order: (1) confirming the report of the court-appointed Referee Dominic A. Villoni, Esq.; (2) granting a judgment of foreclosure and sale pursuant to RPAPL § 1351; and (3) granting such other and further relief that the Court deems just and proper.

| | PAPERS E-FILE NUMBERED | |
|---|---|---|
| | Papers | Exhibits |
| Notice of Motion - Exhibits and Affidavits Annexed | 1-2 | A-H |
| Affidavit of Service | 3 | |
| Affidavit in Opposition | 4 | A-C |

Upon the papers listed above, this Notice of Motion is hereby decided in accordance with this Decision/Order.

This is an action to foreclose a mortgage against real property known as 137-38 109th Road, Jamaica, New York 11433, Block 10187, Lot 14 within the County of Queens. Plaintiff makes the herein motion seeking an Order: (1) confirming the report of

Page 1 of 3

10623/2012 AFFTS,UNSIGNED ORDER TO SHOW CAUSE-JUDGES MEMO SEQUENCE #6 filed 12/3/2018



## THE MARGOLIN & WEINREB LAW GROUP, LLP
ATTORNEYS AT LAW
165 Eileen Way
Syosset, New York 11791

Telephone:    (516) 921-3838                    FAX          (516) 921-1824

DATE: October 26, 2018

## TEN (10) DAY NOTICE TO QUIT WITH EXHIBITION OF DEED

TO: SERENA A. MAY AKA SERENA MAY;   , tenant(s), occupant(s), "Jane Doe" and "John Doe", being fictitious persons, intended to be any other occupants in the property located at the below noted premises:

A. TAKE NOTICE: That the property commonly known as 167-38 109 Road, Jamaica NY 11433. (the "Property") now occupied by you has been transferred to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10;  pursuant to a judgment of foreclosure and subsequent auction and sale to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10;  as successful bidder, that title has been duly perfected, and that a copy of the deed certified by the undersigned as a true and correct copy of the original REFEREE'S DEED is attached hereto and exhibited to you herewith. TAKE FURTHER NOTICE: That U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10;  is now the owner of the Property and in accordance with the judgment of foreclosure and sale, demand is hereby made that you and all other persons occupying the Property remove yourselves from the Property and surrender possession to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10; ,  on or before TEN DAYS FROM THE DATE OF SERVICE HEREOF ; NOTICE OF FORECLOSURE & TENANT'S RIGHTS UNDER the PTFA and/or Section 1305 of the New York Real Property Actions and Proceedings Law ("R.P.A.P.L.").

B. NOTICE IS FURTHER GIVEN THAT the PTFA and/or Section 1305 of the New York Real Property Actions and Proceedings Law ("R.P.A.P.L.") grants certain rights and protections to any occupant of the Premises who is a tenant, as defined by the PTFA and/or Section 1305 of the New York Real Property Actions and Proceedings Law ("R.P.A.P.L."). The rights and protections include the giving of a 90 day Notice to Quit. U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10;  is informed and believes that no occupant of the Premises is a tenant as defined by the PTFA and/or Section 1305 of the New York Real Property Actions and Proceedings Law ("R.P.A.P.L."). This Notice is given to provide any occupant the opportunity, prior to the commencement of the eviction action for possession, to provide evidence to show that the occupant is entitled to the protection of the PTFA and/or Section 1305 of the New York Real Property Actions and Proceedings Law ("R.P.A.P.L.").

C. U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10;  is now the owner of the Premises and demands that you, within ten (10) days after service of this Notice to Quit on you and all occupants EITHER produce acceptable evidence to the law firm listed below that the occupant is entitled to the protections of the PTFA and/or Section 1305 of the New York Real Property Actions and Proceedings Law ("R.P.A.P.L.") OR you are required to quit and surrender possession of the Premises, to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10;  or its agents, Failure to supply the acceptable evidence or to quit within that time will result in an eviction proceeding being filed for possession of the Premises. THE EVICTION WILL BE FILED AFTER TEN (10) DAYS AFTER SERVICE OF THIS NOTICE TO QUIT UNLESS U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10;   OR ITS ATTORNEYS AGREE IN WRITING NOT TO COMMENCE THE EVICTION. Thus, all occupants are required within ten (10) days after service upon you of this Notice to

Quit EITHER to produce acceptable evidence to this law firm that the occupant is entitled to the protections of the PTFA and/or Section 1305 of the New York Real Property Actions and Proceedings Law ("R.P.A.P.L.") OR to quit and surrender possession of the Premises to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10;   through its below-named attorneys, who can be reached at the noted phone number from 9:00 a.m. to 5:00 p.m. on all business days.

D. Failure to supply the acceptable evidence or to quit within that time will result in an eviction proceeding for possession of the Premises being filed.  Please below for instructions on how to supply this evidence.

E. PLEASE ALSO NOTE THAT YOU MAY ALSO HAVE RIGHTS UNDER 12 U.S.C. 5220 (PROTECTING TENANTS IN FORECLOSURE ACT "PTFA"). ANY REFERENCE IN THIS NOTICE TO ANY RIGHTS THAT YOU MAY HAVE UNDER RPAPL 1305 SHALL BE DEEMED TO INCLUDE RIGHTS UNDER THE PTFA, IF APPLICABLE.

F. THE EVICTION WILL BE FILED AFTER TEN (10) DAYS AFTER SERVICE OF THIS NOTICE TO QUIT UNLESS U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10;  OR THIS FIRM AGREES IN WRITING NOT TO COMMENCE THE EVICTION.

G. IMPORTANT NOTICE FOR SERVICE MEMBERS AND THEIR DEPENDENTS: If you are or recently were on active duty or active service, you may be eligible for benefits and protections under the federal Service members Civil Relief Act (SCRA). This includes protection from foreclosure or eviction. You also may be eligible for benefits and protections under state law. SCRA and state military benefits and protections also may be available if you are the dependent of an eligible service member. Eligible service may include: · Active duty with the Army, Navy, Air Force, Marine Corps, or Coast Guard; · Active service with the National Guard Active service as a commissioned officer of the National Oceanic and Atmospheric Administration; · Active service as a commissioned officer of the Public Health Service; · Service with the forces of a nation with which the United States is allied in a war or military action; · Service with the National Guard or a state militia under a state call to duty; or Any period when you are absent from duty because of sickness, wounds, leave, or other lawful cause. If you feel you qualify for SCRA protection you must provide full name and social security number. For more information on proofs or SCRA, please call THE MARGOLIN & WEINREB LAW GROUP, LLP, 516-921-3838 Monday-Friday 9:00 – 5:00 EST

Very truly yours: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10;

By: _[signature]_   10-29-16          **Derrick Miles**

Title: **Doc. Control Officer**          Print Name

IF YOU ARE A DEBTOR, FEDERAL LAW REQUIRES THAT WE ADVISE YOU THIS COMMUNICATION IS MADE IN AN ATTEMPT TO COLLECT ON A DEBT OR JUDGMENT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

The undersigned, an attorney licensed to practice law in the State of NY certifies pursuant to CPLR 2105 that I have compared the deed to which this certification is attached to the original deed referred to in the within 10 Day Notice to Quit and have found same to be a true and complete copy. Dated: October 26, 2018 _____ JENNIFER BERNSTEIN, ESQ/G LANCE MARGOLIN, ESQ

TO:  SERENA A. MAY AKA SERENA MAY;  and "JOHN DOE(S)", "JANE DOE(S)" occupying the premises known as and by 167-38 109 Road, Jamaica NY 11433: The annexed (10 day notice) has been served and you have until 11/21/18 to vacate the property that date being 10 days after service of this notice.

BANKRUPTCY NOTICE: To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this letter is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, Creditor retains rights under its security instrument, including the right to foreclose its lien. Any negotiations or arrangements entered into do not constitute a waiver of your discharge, an attempt to collect against you personally or an attempt to revive your personal liability for the debt.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY **QUEENS**

MARSHAL'S DOCKET NO.

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10**

Petitioner
*Landlord*

against

Respondent
*Tenant*

**MS. MAY (FIRST NAME REFUSED)**
**167-38 109TH RD**
**JAMAICA, NY 11433**

## City Marshal

**EDWARD F. GUIDA JR. #14**
**47-26 104TH STREET**
**CORONA, NY 11368**
**(718) 779-2134**

*"John and Jane Doe"*   Respondent
Undertenant

*Name of Tenant and/or undertenant being fictitious and unknown, person intended, occupying apartment set forth below.*

**IMPORTANT** - **PLEASE BE ADVISED YOUR EVICTION MAY TAKE PLACE ON UNLESS STAYED PER COURT ORDER.**   OR THEREAFTER,

| 11/14/2019 |

**IMPORTANTE** - **USTED PUEDE SER DESALOJADO, EN FECHA A MENOS QUE POSEA UNA ORDEN DE LA CORTE.**   O DESPUES,

# NOTICE OF EVICTION

Alternative Service / Mailing

To the above named tenants and undertenants:

Please take notice that the Court has issued a warrant for your eviction. If you fail to vacate the described premises, **YOU MAY BE EVICTED, WITHOUT FURTHER NOTICE, ON   THE SIXTH BUSINESS DAY AFTER THE DATE OF THIS NOTICE** or any business day thereafter. "Business days" are Monday through Friday except legal holidays.

**The ONLY way you can stop this eviction is if a Court issues an order to show cause that stays your eviction. You may apply for such an order at the civil court,  Landlord - Tenant part, in your borough.**

If a Court stay of your eviction is in effect, you will be evicted only if the stay ends or is vacated by the Court. If the Court has already ordered that you may be evicted if you fail to make payment or comply with the Court's order by certain date, your failure to pay or comply with the Court's order by that date may result in your eviction without further notice.

If you are dependent upon a person in the military service of the United States, advise the clerk of the Court immediately in order to protect your rights.

If you need legal assistance, the Legal Aid Society may be able to assist you (check telephone listing in your borough). A senior citizen who needs legal assistance may contact the New York City Department for the Aging, 2 Lafayette Street, New York, New York 10007, (212) 442-1000.

If you receive public assistance, notify your caseworker immediately. The Human Resources Administration may be able to help you with back payments whether or not you receive public assistance.
Call  **(877) 472-8411**  for information.

| **DATE OF NOTICE** | **FECHADA** |

| 11/04/2019 |

# NOTIFICACION DE DESALOJO

Notificación Alterna / Postal

A los susodichos inquilinos y sub-inquilinos:

Tenga a bién notar que la Corte ha emitido una orden de desahucio en contra de usted. Si no desaloja al local descrito,  **USTED PUEDE SER DESALOJADO, SIN NOTIFICACION ADICIONAL,   EL SEXTO DIA HABIL, A PARTIR DE LA FECHA DE ESTA NOTIFICACION** o en cualquier día hábil de ahí en adelante. Los "dias hábiles" son Lunes a Viernes, excepto los dias de fiesta legales.

**Usted puede detener este desalojo   SOLAMENTE si una corte emite una orden judicial instruyendole a usted a mostrar motivos justificantes para suspender su desalojo. Usted puede solicitar esa order (Order to Show Cause) en la Corte Civil, Sección del Propietario-Inquilino (Civil Court, Landlord-Tenant part) en su condado.**

Si una suspensión de su desalojo por orden de la Corte está en efecto, usted será desalojado solo si la suspensión caduca o la Corte la anula. Si la Corte ha ordenado ya que usted puede ser desalojado si no cumple con hacer un pago o con la orden de la Corte a partir de una fecha de vencimiento, su incumplimiento con el pago o con la orden de la Corte al llegar esa fecha puede resultar en su desalojo sin notificación adicional.

Si usted depende de una persona que pertenece al Servicio Militar de los Estados Unidos, notifíqueselo inmediatamente al Secretario de la Corte (Court Clerk) para así proteger sus derechos legales.

Si usted necesita ayuda legal, la Sociedad de Ayuda Legal (Legal Aid Society) tal vez puede ayudarlo (consulte la guía telefónica de su condado). Una persona de edad avanzada que necesita ayuda legal puede comunicarse con el Departamento para Personas Mayores de la Ciudad de New York, 2 Lafayette Street, New York, New York 10007. (212) 422-1000.

Si usted recibe asistencia pública, notifíquelo a su trabajador social (caseworker) inmediatamente. La administración de Recursos Humanos tal vez puede ayudarle con los pagos atrasados, reciba usted o no asistencia pública.  Llámel al (877) 472-8411  para información.

1 Formerly known as "72-hour notice."  Additional time has been allowed for mailing.
  Anteriormente conocido como "Aviso de Deshaucio de 72 Horas."  Se ha concedido tiempo adicional para enviar por correo.
2 The date this notice shall be on or after the date the notice is mailed to the respondent.
  La fecha de esta notificación se fijara el día en que se le envia al apelado o despues de ese día.

**Regular Mail**

Hearing Date: **FEBRUARY 13, 2020**
Time:        **11:30AM**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                         Case No.: 19-46761-NHL
SERENA ANTOINETTE MAY,             Chapter 13

                         Debtor(s).
-----------------------------------------------------------X

### NOTICE OF MOTION FOR AN ORDER
### TERMINATING THE AUTOMATIC STAY UNDER BANKRUPTCY
### CODE §362(d)(2) AND GRANTING *IN REM* RELIEF UNDER 11 U.S.C. §362(d)(4)

      **PLEASE TAKE NOTICE**, that upon the Application of Alan Smikun, Esq., an Associate

of The Margolin & Weinreb Law Group, LLP., attorneys for of US Bank National Association, as

trustee for the holders of the first franklin mortgage loan trust, mortgage pass-through certificates,

series 2005-FF10 (the "Movant" or "Secured Creditor"), a Secured Creditor herein, a motion will

be made to this Court before the Honorable Nancy Hershey Lord, at his chambers located at U.S.

Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C

Cadman Plaza East - Suite 1595, Brooklyn, NY 11201-1800 on **FEBRUARY 13, 2020 AT**

**11:30AM** or as soon thereafter as counsel can be heard for entry of an Order to obtain *in rem*

relief as to the real property commonly known 167-38 109th Road, Jamaica, NY 11433 such that

any and all future filings by the Debtor, Serena Antoinette May (the "Debtor"), or any other person

or entity with an interest in the property shall not operate as an automatic stay against the Movant

and its successors and/or assigns; to terminate the automatic stay pursuant to 11 U.S.C. §

362(d)(4)(B) as to movant's interest in real property, to dismiss the Debtor's Chapter 13 case, to

bar the Debtor from filing any bankruptcy petition in any jurisdiction for a period of two (2) years

following the entry of the Order, together with such other and further relief as the Court deems just and equitable.

**PLEASE TAKE FURTHER NOTICE,** that answering and opposing papers, if any, must be served upon the Court and the undersigned no later than seven (7) days before the return date of this Motion.

Dated:  Syosset, New York           **The Margolin & Weinreb Law Group, LLP**
        December 17, 2019

                          By:       */s/ Alan Smikun*
                                    Alan Smikun, Esq.
                                    Attorneys for Movant
                                    165 Eileen Way, Suite 101
                                    Syosset, New York 11791
                                    (516) 921-3838 ext. 305
                                    alansm@nyfclaw.com

To:

        ***Debtor/ Pro Se***
        Serena Antoinette May
        167 38 109th Road
        Jamaica, NY 11433

        ***Trustee***
        Marianne DeRosa
        Office of the Chapter 13 Trustee
        100 Jericho Quadrangle – Ste 127
        Jericho, NY 11753

        ***U.S. Trustee***
        United States Trustee
        Eastern District of NY (Brooklyn Office)
        U.S. Federal Office Building
        201 Varick Street – Suite 1006
        New York, NY 10014

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION – SECOND DEPARTMENT

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10, | Docket No.: 2019-07124<br><br>Queens County<br>Index No.: 10623/2012 |
| Plaintiff-Respondent, | **NOTICE OF ENTRY** |
| -against- | |
| SERENA A. MAY A/K/A SERENA MAY, | |
| Defendant-Appellant, | |
| -and- | |
| ENVIRONMENTAL CONTROL BOARD, | |
| Defendant. | |

**PLEASE TAKE NOTICE** that annexed hereto for service upon you is a copy of the

Decision & Order on Motion of the Supreme Court of the State of New York, Appellate

Division, Second Department dated, filed, and entered on August 26, 2019.

Dated: New York, New York
October 30, 2019

**PARKER IBRAHIM & BERG LLP**
*Attorneys for Plaintiff-Respondent,*
U.S. Bank National Association, as Trustee
for the Holders of the First Franklin
Mortgage Loan Trust Mortgage Pass-
Through Certificates, Series 2005-FF10

Christopher P. Spina, Esq.
5 Penn Plaza, Suite 2371
New York, New York 10001
Phone: (212) 596-7037
Fax: (212) 596-7036
E-mail: christopher.spina@piblaw.com

*Please reply to Somerset office*

270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
Phone: (908) 725-9700

To:    Serena A. May a/k/a Serena May
       167-38 109th Road
       Jamaica, New York 11433
       *Defendant-Appellant*

       Serena A. May a/k/a Serena May
       233 Canfield Terrace
       Frederick, Maryland 21702
       *Defendant-Appellant*

# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

M265421
E/sl

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

---

2019-07124                                    DECISION & ORDER ON MOTION

U.S. Bank National Association, etc., respondent,
v Serena A. May, appellant, et al., defendant.

(Index No. 10623/12)

---

Motion by the appellant to stay her eviction from the subject premises, pending hearing and determination of an appeal from an order of the Supreme Court, Queens County, entered December 18, 2018, to waive the filing fees, and for leave to prosecute the appeal on the original papers.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

ORDERED that on the Court's own motion, the appeal is dismissed, without costs or disbursements, on the ground that no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,

ORDERED that the motion is denied as academic.

BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

August 26, 2019

U.S. BANK NATIONAL ASSOCIATION v MAY

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION – SECOND DEPARTMENT

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF10, | Docket No.: 2019-07124<br><br>Queens County<br>Index No.: 10623/2012 |

Plaintiff-Respondent,                    **AFFIRMATION OF SERVICE**

-against-

SERENA A. MAY A/K/A SERENA MAY,

Defendant-Appellant,

-and-

ENVIRONMENTAL CONTROL BOARD,

Defendant.

I, Christopher P. Spina, Esq., hereby affirm under penalty of perjury as follows:

1.      I am an attorney-at-law admitted to practice in the State of New York and an associate with the law firm of Parker Ibrahim & Berg LLP, attorneys for Plaintiff-Respondent U.S. Bank National Association, as Trustee for the Holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10.

2.      On October 30, 2019, I caused to be served the foregoing Notice of Entry with its attached Decision & Order on Motion and this Affirmation of Service as follows:

**VIA FEDEX and FIRST CLASS MAIL**
Serena A. May a/k/a Serena May
167-38 109th Road
Jamaica, New York 11433

Serena A. May a/k/a Serena May
233 Canfield Terrace
Frederick, Maryland 21702

3.      I hereby affirm that the foregoing statements made by me are true.  I am aware

that if any of the foregoing statements made by me are willfully false, I may be subject to

punishment.

Dated: New York, New York
      October 30, 2019

 

**PARKER IBRAHIM & BERG LLP**
*Attorneys for Plaintiff-Respondent,*
U.S. Bank National Association, as Trustee
for the Holders of the First Franklin
Mortgage Loan Trust Mortgage Pass-
Through Certificates, Series 2005-FF10

Christopher P. Spina, Esq.
5 Penn Plaza, Suite 2371
New York, New York 10001
Phone: (212) 596-7037
Fax: (212) 596-7036
E-mail: christopher.spina@piblaw.com

*Please reply to Somerset office*

270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
Phone: (908) 725-9700