```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SERENA ANTOINETTE MAY,

        Plaintiff,
                                        MEMORANDUM & ORDER
          -against-
                                        19-CV-06519(KAM)(LB)
RACHEL G. PACKER, KENNETH J.
FLICKINGER, RALPH RUSSO, and
CHRISTOPHER PAUL SPINA,

        Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Serena Antoinette May filed the instant *pro se* complaint on November 14, 2019. (ECF No. 1, Compl.) For the reasons that follow, plaintiff's request to proceed *in forma pauperis* ("IFP") is granted, but the complaint is dismissed with prejudice.

## BACKGROUND

The complaint names four individuals as defendants, but does not state what each individual is alleged to have done. Plaintiff claims the court's jurisdiction rests on sections of the United States Code related to financial crimes; the False Claims Act; and the Fraud Enforcement and Recovery Act of 2009 ("FERA"). (Compl. 4-5.)

Plaintiff asserts defendants sold her home after she "won the foreclosure trial." (*Id.* 5.) "After Defendants lost

1

[the] case, they filed a judgment and sold [plaintiff's] home." (*Id.*) Plaintiff claims the defendants had her "arrested" and "kidnapped," and further alleges, "the title company has no license or registration. They took out mortgage without my permission." (*Id.*) Plaintiff's request for relief states: "I want my home returned to my name, my marketable title, I want 790,000 + 20% interest. I would like for defendants to be arrested. Restraining order so these Defendants can stop harrising [*sic*] me. I want my Home title returned unused." (*Id.* 6.)

The complaint appends a Memorandum Report by Referee Tracy Catapano-Fox in a foreclosure action under Index No. 10623/2012 in the Supreme Court of the State of New York, Queens County. (Compl. 8-17.)[1] The report, dated September 11, 2015, and issued after a trial, recommended dismissal of the foreclosure action related to real property located at 167-38 109th Road in Jamaica, New York. The Referee found that the plaintiff in that action, U.S. Bank National Association, as Trustee for the Holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10, had produced the original mortgage note and shown that plaintiff had defaulted on the loan, but failed to provide sufficient evidence showing how U.S. Bank had obtained the mortgage. (*Id.*) Plaintiff

---

[1] As the exhibits are not labeled or paginated, the Court refers to the page numbers assigned by the Electronic Case Filing System (ECF).

2

does not indicate whether the presiding justice adopted the Referee's Memorandum Report or provide a final ruling in the foreclosure proceeding, but a search of Index No. 10623/2012 in the publicly-available database for the New York Courts reveals that a Judgment of Foreclosure and Sale was decided on December 15, 2017.  New York State Unified Court System, https://iapps.courts.state.ny.us/webcivil/FCASSearch (last visited on Dec. 11, 2019).[2]

Plaintiff also attaches a Notice of Eviction dated November 4, 2019 and directed to "John Does" at 167-38 109th Road.  The eviction was scheduled to occur on November 14, 2019 or thereafter. (Compl. 25.)  Notably, that is the same address plaintiff provides for herself.  She also attaches information about FERA and its amendments to the False Claims Act. (*Id*. 19-24.)

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

---

[2] The Court may take judicial notice of the Judgment of Foreclosure and Sale. *See Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) ("A court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudications, on a motion pursuant to Rule 12(b)(6).") (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)).

551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief

4

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

The instant complaint fails to comply with the dictates of Rule 8. Plaintiff is obviously disappointed with the outcome of the foreclosure action and the loss of title to her home, but she has not alleged that any of the individual defendants were responsible for her loss or explained what role they played in the foreclosure proceeding. She seeks monetary damages of $790,000, but has not suggested how these defendants could be liable to plaintiff for such sum. Thus, she has failed to allege a viable claim against the defendants.

Plaintiff asserts FERA, the False Claims Act, and related provisions as bases for jurisdiction. The False Claims Act, as amended by FERA, allows private persons called "relators" to bring civil actions against mortgage lenders for violations of the false claim provisions of financial crimes. However:

> [S]uch actions can be brought only "in the name of the Government," . . . and the initiation of such a suit must begin with certain specific procedures: "A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4[(i)] of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."

5

*Ruotolo v. Fannie Mae*, 933 F. Supp. 2d 512, 522 (S.D.N.Y. 2013) (citing 31 U.S.C. § 3730(b)(1) and (2)). "Because relators lack a personal interest in False Claims Act *qui* tam actions . . . they are not entitled to proceed *pro se*." *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008). Accordingly, the *pro se* plaintiff cannot bring a case under the False Claims Act, as amended by FERA. *See also Joseph v. Emigrant Funding Corp.*, No. 17-CV-595-RRM-RML, 2018 WL 1368911, at *2 (E.D.N.Y. Mar. 16, 2018) (dismissing *pro se* action challenging foreclosure because FERA did not provide a basis for jurisdiction and because the action was barred under the *Rooker-Feldman* doctrine).

Plaintiff also seeks return of title to her home. However, she has failed to provide any grounds authorizing this court to reopening of, and intervention in the foreclosure action or eviction. It appears that the Judgment of Foreclosure has already been issued, along with a Notice of Eviction. Thus, plaintiff is asking this Court to overturn a state court judgment of foreclosure, a request that is precluded by the *Rooker-Feldman* doctrine. This principle, which emanates from the United States Supreme Court decisions *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), holds that federal

6

district courts lack subject matter jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). The Second Circuit clarified the four requirements for application of the *Rooker-Feldman* doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotations omitted).

Each of these conditions appears to have been met in this case. First, plaintiff was a defendant in the foreclosure action and lost in state court when the Judgment of Foreclosure was entered. Second, plaintiff complains that her injuries—the loss of title and right of occupancy in the premises—were caused by the state court judgment. Third, plaintiff's requested relief is to have the state court judgment overturned and title restored to her. Fourth, the Judgment of Foreclosure was entered on December 15, 2017, well before plaintiff filed the

instant lawsuit in federal court. Plaintiff apparently continued to reside in the premises for another two years, until she was served with a Notice of Eviction on November 4, 2019. That Notice was also served before plaintiff filed this action. For these reasons, *Rooker-Feldman* applies, and divests this court of jurisdiction to overturn the state court Judgment of Foreclosure.

Although the court must liberally construe *pro se* complaints, and accordingly grant leave to amend if appropriate, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted); *accord Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile."). At its core, the complaint is a challenge to the Judgment of Foreclosure, and the court foresees no way for plaintiff to challenge the state court's decision in federal court without running afoul of *Rooker-Feldman*. Even though the court construes plaintiff's instant claims liberally, the defects in those claims are substantive rather than merely formal, such that any amendment would be futile. Thus, leave to amend is denied and the complaint is dismissed with prejudice.

8

**CONCLUSION**

For the reasons set forth above, the complaint is dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Moreover, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim against the named defendants. Leave to amend is denied because any amendment would be futile. The Clerk of Court is respectfully directed to enter judgment against plaintiff, close this case, serve a copy of this Memorandum and Order and the judgment on plaintiff at her last known address, and note service on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   May 6, 2020
         Brooklyn, New York

                                                /s/
                                        Kiyo A. Matsumoto
                                        United States District Judge